```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.: 15-20644-Civ-King
                              MAGISTRATE JUDGE P.A. WHITE
TITA NYAMBI,

Plaintiff,
                              REPORT OF
v.                            MAGISTRATE JUDGE


J. WILLIMAS, et al.,
Defendants.
_____/
```

Introduction

This cause if before the court *sua sponte*. The plaintiff in this action is a civil rights litigant proceeding *pro se.* On December 17, 2015, this court ordered Plaintiff to file a Notice of Current Address on or before January 18, 2016 [DE#26]. As set forth in that order, Plaintiff had previously violated court orders and failed to keep the court advised of any changes of address, and had been previously cautioned that such violations may result in dismissal of this action [See Id.]. The court's December 17, 2015 order requiring Plaintiff to file the Notice of Current Address similarly cautioned Plaintiff that the failure to comply may result is dismissal for lack of prosecution, or as a sanction for violations [Id.]. To date, Plaintiff has not filed the Notice of Current Address.

Discussion

The Eleventh Circuit has commented that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556

F.3d 1232, 1240 (11th Cir. 2009)(*quoting* Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (*citing* Fed.R.Civ.P. 41(b)). See also Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)(interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute....").[1] The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir.1985).

Here, Plaintiff has been ordered to file a Notice of Current Address on or before January 18, 2016.  That date has now passed, and Plaintiff has failed to seek an extension of time, or to do what was ordered.  Moreover, Plaintiff has previously failed to comply with court orders in this regard.  Plaintiff has thus violated court orders, and abandoned this case.  This is precisely the type of neglect and misconduct contemplated by Rule 41(b) of the Federal Rules of Civil Procedure.  Because Plaintiff is proceeding *in forma pauperis*, the imposition of monetary sanctions is not a feasible option.  Moreover, this Court has expressly cautioned Plaintiff on more than one occasion that failure to comply with court orders would result in dismissal of the case.  Accordingly, pursuant to Rule 41(b), this case should be dismissed for Plaintiff's failure to comply with the court's orders, as well as for failure to prosecute.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

While dismissal of this action is clearly warranted, due to Plaintiff's pro se status and the nature of the violations, Plaintiff should not be permanently barred from bringing a meritorious §1983 claim. Rather, the case should simply be dismissed without prejudice, until such time as Plaintiff is willing to comply with court orders and properly pursue his case.[2]

## Conclusion

Based upon the foregoing, it is recommended that this case be DISMISSED without prejudice for lack of prosecution and failure to comply with a court order, and that this case be CLOSED.[3]

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 21st day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Tita Nyambi, Pro Se
407 Lincoln Road
Miami Beach,, FL 33139

Counsel of record

---

[2] The plaintiff is cautioned that a §1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations. See Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999)(citing Owens v. Okure, 488 U.S. 235 (1989); Wilson v. Garcia, 471 U.S. 261, 276(1985)).

[3] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed.R.Civ.P. 41(b).